[No. 2815.  Decided March 29, 1898.]

E. V. WRIGHT, *Respondent*, v. LOUISE M. STEWART, *Appellant*.

EVIDENCE — ADMISSIONS OF AGENT — BURDEN OF PROOF — PAROL EVIDENCE.

The admissions of one who was acting as agent for defendant throughout certain transactions as to the indebtedness of defendant to plaintiff's assignor growing out of such transactions, are admissible in evidence.

The burden of proof rests upon that party, either plaintiff or defendant, who holds the affirmative of any proposition necessary to be established.

Parol testimony is admissible for the purpose of proving the real consideration of a contract which recites that it is given for one dollar and "other considerations," if such testimony is not for the purpose of contradicting the written instrument or of defeating the operative effect of it, but merely in explanation of how the contract came to be made, and the consideration for it.

Appeal from Superior Court, Pierce County.—Hon. THOMAS CARROLL, Judge. Affirmed.

*T. W. Hammond*, for appellant:

To render the declarations of an agent admissible not only must the agency be established, but it must be shown

that they were made by the agent while actually engaged in the transaction to which they relate, or so soon after as to really form a part of it. If made after the occurrence of the transaction, or while the agent was not engaged in it, or after his authority in the matter had ceased, such declarations are never admissible against the principal. *Mutter v. I. X. L. Lime Co.*, 42 Pac. 1069; *Commercial Fire Ins. Co. v. Morris*, 18 South. 36; *Presley v. Lowry*, 25 Minn. 115; *Woods v. Clark*, 24 Pick. 39; *Packet Co. v. Clough*, 20 Wall. (22 Law. ed.) 541; Mechem, Agency, § 714; 1 Evans, Agency, 214.

*Frederick A. Brown*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—Respondent sues the appellant in this action, as holder of four claims against appellant assigned to her by J. W. Wright and F. X. Cline. The claims of Wright and Cline arise out of the same transaction, and may be treated as one. The Western Blank Book Company, a corporation, executed to Wright its note for $469.97, and various other notes to other persons. Paragraphs four and five of the complaint are as follows:

" That on the 19th day of October, 1894, said Western Blank Book Company agreed with said J. W. Wright and the other owners of said promissory notes that if they and each of them would endorse the same and deliver the same to the defendant Louise M. Stewart that they would execute and deliver to said Louise M. Stewart a certain chattel mortgage upon all their property of every kind and description, to secure the payment of said notes; that in pursuance to said agreement said J. W. Wright and the other owners of said promissory notes endorsed the same and delivered the same to Louise M. Stewart, and said Western Blank Book Company executed and delivered to said Louise M. Stewart said chattel mortgage upon all of its property of every kind and description to secure the pay-

ment of said promissory notes, and said Louise M. Stewart then and there accepted said promissory notes, so endorsed and delivered to her and said chattel mortgage securing the same, and then and there agreed with said J. W. Wright and the other owners of said notes to hold said chattel mortgage and said notes in trust for said J. W. Wright, and the other owners of the same, for the respective amounts due each on said notes.

" That thereafter on or about the 16th day of February, 1895, said J. W. Wright assigned his interest in said chattel mortgage to defendant, and released to defendant said mortgage property from any and all claim he had or might have against the same by reason of said chattel mortgage and released defendant from all liability to him as trustee of said mortgage, and defendant in consideration thereof agreed then and there to pay J. W. Wright within a reasonable time therefrom the amount of said promissory note, to-wit, the sum of $469.97 and interest thereon from the 19th day of October, 1894, at the rate of ten per cent. per annum, and then and there became personally liable to said J. W. Wright to pay him said sum of $469.97 and interest thereon from the 19th day of October, 1894, at the rate of 10 per cent. per annum."

For a second cause of action it is alleged that said Wright worked for defendant, and that there is a balance due for said work of $215, and that the claims were assigned to the plaintiff. The appellant in her answer admits all of the allegations in paragraph four above referred to, and alleges: that on February 16, 1895, said J. W. Wright executed and delivered to defendant for a valuable consideration a written instrument, whereby he granted and released and quit-claimed unto defendant all his right, title and interest of the chattel mortgage mentioned in paragraph four of the complaint, and the personal property therein described, and released her from all liability to him as trustee of said mortgage, and alleges that for the same consideration said J. W. Wright, by said instrument, re-

linquished and released to her any and all claim that he might have against the defendant by reason of the note executed and delivered to him by said corporation as aforesaid; but denies that she ever agreed to pay him $469.97, or any other sum, and denies the second cause of action *in toto*. It was the contention of the appellant upon the trial that the understanding was when Wright released his liability on the note and mortgage, that he was to have the value of the same in stock in a company which the appellant intended to organize at some future time. Upon the trial of the cause, verdict was rendered for respondent for the amount asked in the complaint. There were a great many other issues involved in this cause, but these are sufficient for the discussion of the errors alleged.

The first assignment is, that the court erred in allowing one Wood to testify to a conversation with the son of appellant, Charles Billings, in which it was asserted by the son that there was something due from appellant to respondent in this action, and it is contended by appellant that the statement could not bind the appellant; and as a general proposition, of course, this is true, and needs no citation of authorities; but we think, in the first place, that the record fairly shows that Billings was the agent of the appellant throughout this whole transaction. In addition to that it is plain from the record that this testimony was simply cumulative, and the same witness testified in the same connection that he had also had a conversation with Mrs. Stewart, appellant, in which she told him the same thing that he alleges was told him by Billings. In reply to this, the appellant insists it is not at all impossible that the jury may have believed appellant and disbelieved her son. But the main fact having been denied both by appellant and her son, the question would be whether or not the jury believed the statement of the witness Wood, and if

they believed appellant it would certainly impeach the veracity of the witness. We feel convinced that the admission of this testimony, if error at all under the circumstances of this case, was clearly error without prejudice.

The following instructions are assigned as error:

"It is admitted by the defendant that Wright and Cline assigned their interest in the note and mortgage to defendant; and the burden is upon her to establish by a fair preponderance of the evidence, the purpose of such transfer, if she was not to pay anything therefor other than the one dollar in the paper."

The court had already instructed the jury that the burden is always upon the parties holding the affirmative, and that the burden in the first instance was upon plaintiff, and that the plaintiff must establish, by a fair preponderance of evidence, that the defendant agreed to pay said Wright and Cline a greater sum than the one dollar named in the paper transferring the note and mortgage to her. We think this instruction correctly stated the law. The burden, as the court stated, is upon the plaintiff to establish the agreement to pay a sum greater than the one dollar named in the paper; but it having been admitted, and it was admitted by the defendant, that Wright and Cline had assigned their interest in the note and mortgage to her, and the testimony in the case showing according to appellant's theory that the consideration which they were to receive for assigning a valuable right to the appellant, and releasing their interest in the same for her benefit, was a consideration other than that expressed in the paper; namely, the acceptance of shares of stock in another corporation, the burden is certainly upon the party who has the affirmative of this proposition.

Respondent's third contention is, that the court erred in allowing parol evidence to show what the consideration was for the execution of the quit-claim to appellant of the

assigned claims. The contention is that the entire agreement of the parties is merged in the writings shown to have been executed. We do not think the cases cited by the appellant to sustain this contention are in point. Of course, if the testimony was for the purpose of contradicting the written instrument or to defeat the operative effect of it, in the absence of fraud, or mistake, it would not be admissible, but the testimony offered here had no tendency to dispute or contradict anything that was alleged in the contract or to defeat its operation. It is simply an explanation of how the contract came to be made and the consideration for the same. The contract itself says, that the said parties of the first part in consideration of one dollar, and of other considerations, hereby grant, etc.; what the other considerations were is not expressed in the contract, and it is no contradiction of it in any sense to prove what the considerations were. We have carefully examined not only the briefs but the record in this cause, and we are satisfied that no reversible error was committed by the court, and the jury having decided the questions of fact against the appellant, she will have to abide by the verdict.

The judgment will be affirmed.

SCOTT, C. J., and ANDERS and REAVIS, JJ., concur.