[No. 3555.   Decided December 27, 1900.]

WISA M. HALL, *Respondent*, v. UNION CENTRAL LIFE IN-
SURANCE COMPANY, *Appellant*.

PRINCIPAL AND AGENT—ADMISSIONS BY AGENT—ADMISSIBILITY.

The admissions of an agent are admissible for the purpose of
binding his principal, when the evidence shows his appointment
as agent, or that the principal held him out to the public as an
agent, and that his agency had never been revoked.

SAME—INSURANCE.

Admissions by an agent of a life insurance company concern-
ing the payment of premiums on a policy by a decedent in his
life time, although not made at the time the contract of insur-
ance was entered into, are admissible, when it was within the
scope of the agent's duties to make such collections.

SAME—LIMITATIONS ON AGENT'S AUTHORITY—VALIDITY OF SECRET
AGREEMENT.

A principal cannot escape responsibility for the acts of a
sub-agent of its agent, by reason of a secret agreement between
such individuals that the sub-agent was to be agent of the
agent and not of the principal, when such sub-agent is held out
to the public as the direct agent of the principal and clothed
with authority to do business for it.

ACTION ON POLICY OF INSURANCE—LIMITATIONS TO SUIT—WAIVER.

The condition in a policy of life insurance that action thereon
must be commenced within one year from the death of the
insured is waived by the company when its general agent in-
duces the assured thereunder to withhold suit until the return
from the Klondike country of its agent to whom it is claimed
premiums had been paid, and, if so paid to such agent, the
company would then pay the policy without suit.

SAME—UNREASONABLE DELAY.

Where the limitation upon action on a policy of insurance
was one year, and action thereon was not begun until nearly a
year and eight months after the death of the insured, by reason
of a waiver of the limitation by the company, and the question
of the reasonableness of the delay was submitted to the jury
and found by them in favor of plaintiff, this court will not, as
a matter of law, say that the delay was unreasonable.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge. Affirmed.

*John E. Humphries* and *Harrison Bostwick,* for appellant.

*Martin, Joslin & Griffin,* for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.—This is an action by the respondent against the appellant on a policy of insurance issued upon the life of her husband, George E. Hall, deceased. On a trial by jury, verdict was rendered in favor of the plaintiff for the amount sued for, and judgment was entered in accordance with the verdict, from which this appeal is taken. There are some twenty-one assignments of error set forth in appellant's brief, the most of which are discussable under the second and third assignments, viz., that the court erred in denying the motion of appellant for non-suit, and that the court erred in denying the motion of appellant in the challenge to the whole evidence, and in not taking the case from the jury. The substance of these objections might have been raised on error alleged in allowing incompetent testimony. It is contended by the appellant that defendant's challenge to the sufficiency of the testimony ought to have been sustained, for the reason that there was no testimony that the deceased had complied with the provisions and conditions of the policy; the only testimony introduced being declarations and admissions of one John Doser, who, it is admitted by the appellant, had formerly been a district agent for the appellant, and who, it is maintained by the respondent, was the agent at the time the declarations were made. Many authorities are cited by the appellant to sustain the proposition that the admissions of a discharged agent are not competent evidence to bind such agent's former principal. Conceding, for the pur-

pose of this investigation, the correctness of the rule contended for, the cases are not applicable to the facts proven in this case, as determined by the jury. As to the existence of Doser's agency, the plaintiff showed his appointment by the company, and there was no proof that such agency had been revoked. Under the rule that, where an agency is shown to exist, it will be presumed to continue until the contrary is proved, it must be concluded that Doser was the agent of the company at the time these alleged admissions were made. His first appointment was made in December, 1896, and was to continue for ten years, unless terminated by service of notice upon him by the company. If there is anything in the proof that would indicate that he had been removed, it would be his second appointment, in December, 1898, where he was appointed by P. F. Leavy, general agent of the Union Central Life Insurance Company; and it is not shown that this appointment was revoked prior to the time the alleged declarations were made. We think sufficient evidence went to the jury to sustain the verdict on that ground. In any event, the testimony shows that the company held him out as an agent, and it is bound by his acts.

But it is contended by the appellant that these admissions, if made, were not of the *res gestae,* were not within the scope of the agent's authority, and were mere hearsay; and many cases are cited in support of the contention that the admission of an agent must be made at the time of the contract. We do not think these cases are applicable to the case at bar. Doser's admissions were not with reference to the making or effect of any contract, but with relation to the payment of the premiums during the decedent's lifetime. Under the contract it was his duty to collect and pay to the company these identical premiums. Under such circumstances an admission in relation to such col-

lections would be within the scope of his duties as agent, and the evidence was competent to bind the principal. *Wright v. Stewart,* 19 Wash. 179 (52 Pac. 1020).

It is true that under the conditions of the contract between P. F. Leavy, who was the general agent of the company, and Doser, it is provided that, "although the said John Doser shall be styled and addressed as agent for said company, it is yet distinctly understood to be the purport and intent of this agreement that he shall be the agent of said P. F. Leavy alone, and that no liability is hereby created against said company, nor shall said John Doser, party of the second part, create any such liability." It would seem that comment upon such a stipulation in an agreement were unnecessary. It is too late in the history of jurisprudence, if such time ever existed, to allow corporations or individuals to escape their honest liabilities by secret understandings between principals and agents of which the public has, and can have, no knowledge. Under this contract, which provides that Doser shall work for the company, although he was to be the agent of Leavy only, he is clothed with authority not only to solicit and procure persons to insure with said company, but to collect and pay over the premiums to the agent of the company; and the company cannot escape its responsibilities when he does collect them from his patrons and fails to turn them over to the company. *Hart v. Niagara Fire Ins. Co.,* 9 Wash. 620 (38 Pac. 213, 27 L. R. A. 86.)

Another question involved raises the question of limitation of the commencement of the action. The policy provides that the action shall be commenced within a year from the death of the insured. The death of the insured occurred on October 27, 1897, and the action was not commenced until June 13, 1899, and it is contended by the respondent that the action is barred. But the testi-

mony shows that the respondent was attempting to get her policy paid without the expense of a law suit; that she was told by Mr. Newbegin, who was then the general agent of the company, that the money would be paid if it was found that the payments had been made, and that it was best to wait until Mr. Doser, whom it was claimed the payments had been made to, and to whom the testimony shows the payments were actually made, returned from the Klondike country. On this proposition the evidence is conclusive and undisputed that the respondent was led by these representations on the part of the agent of the company to wait until after the year had expired. It is insisted, however, by the appellant, that, even if that be true, the length of time was unreasonable. But that matter was submitted by the court to the jury, by their verdict they have found that it was not unreasonable, and the court cannot, as a matter of law, under all the circumstances of the case, say that it was.

Many objections to the instructions of the court are made, and error is based upon the refusal of the court to grant the instructions asked for; but we think the court gave instructions that were applicable to the pleadings and circumstances proven upon the trial, that the law was properly given to the jury, and that, without particularly traversing them, the instructions asked by the appellant, and which were mostly based upon the theory of the case which we have been discussing, were properly refused.

It is insisted that the court erred in giving certain oral instructions after the request to have the jury charged by written instructions. In answer to this assignment it is sufficient to say that it does not appear from the record that any oral instructions were given by the court.

There is also an assignment to the effect that the court erred in overruling a demurrer to the respondent's com-

plaint, but from the record we are unable to discover that any demurrer to the complaint was interposed.

There seems to be no meritorious defense to this action, and, no prejudicial error of law having occurred, the judgment will be affirmed.

ANDERS, REAVIS, FULLERTON and WHITE, JJ., concur.