[No. 14436.    Department One.    May 7, 1918.]

## ALICE E. C. GIBSON, *Appellant*, v. NEW YORK LIFE INSURANCE COMPANY, *Respondent*.[1]

INSURANCE—LIFE INSURANCE—PAYMENT OF PREMIUM. Under Rem.
Code, § 6059-180, providing that no life insurance company shall
make any contract of insurance or agreement as to such contract,
other than is plainly expressed in the policy, and Id., § 6059-184,
providing that the policy and application shall constitute the entire
contract between the parties, a policy of life insurance is avoided
where the full premium was not paid in advance as required by the
terms of the policy and it was paid to a soliciting agent who had no
right to receive it because he did not deliver a receipt therefor as
specified in the contract, and it was not shown that the company
ever received the premium.

SAME—POWERS OF AGENT—EVIDENCE—DOCUMENTS. Upon trial of
action on a life insurance policy, evidence of only part of the con-
tract to show the agent's authority is properly excluded, where his
powers could be determined only by the entire contract.

Appeal from a judgment of the superior court for
King county, Frater, J., entered July 6, 1917, upon
granting a nonsuit, dismissing an action on a life in-
surance policy, tried to the court and a jury. Affirmed.

*Vince H. Faben*, for appellant.

*H. T. Granger* (*Jas. H. McIntosh*, of counsel), for re-
spondent.

MAIN, J.—The plaintiff, being the beneficiary named
in a life insurance policy, brought this action upon the
policy. After the issues were framed, the cause in due
time came on for trial before the court and a jury. At
the conclusion of the plaintiff's evidence, the defendant
challenged the legal sufficiency thereof and moved the
court for a judgment of dismissal. This motion was
sustained, and a judgment entered as requested. From
this judgment, the plaintiff appeals.

[1]Reported in 172 Pac. 920.

The facts are these: On August 4, 1913, one Winfield Fuller, then the soliciting agent for the respondent company, took an application from William C. Gibson, the husband of the appellant, for a $10,000 life insurance policy. On September 4, 1913, the policy was issued and delivered to the insured. The annual premium on this policy was $596.80. The first premium was paid at the time the policy was issued. The subsequent premiums, in like amount, were to be paid on the 4th day of September in every year during the continuance of the policy until the death of the insured. William C. Gibson, the insured, died on the 9th day of June, 1915. After the death of the insured, the respondent declined to pay the beneficiary the sum mentioned in the policy, claiming that the policy had lapsed because the second year's premium had not been paid when due, or at all. On December 10, 1914, the beneficiary paid the soliciting agent $185 as the balance due upon the second year's premium. It will be assumed that, prior to this time—the exact date of which is not fixed—the insured paid to the soliciting agent the second year's premium, except the $185 mentioned as being paid on December 10th. The evidence does not show that the respondent at any time received the money for the second year's premium. The fair inference from the evidence is that it did not receive it.

The policy contained a provision that all premiums were payable on or before the due date at the home office of the company, or to an agent of the company upon delivery of a receipt signed by the president or other specified officer of the company and countersigned by the agent. When the $185 was paid by the beneficiary, she received no receipt therefor as required by this provision of the policy. Another provision of the policy was that the premium was always considered as payable annually in advance, but by

agreement in writing, and not otherwise, might be made payable semi-annually or quarterly. There was no agreement such as required by this provision of the policy whereby the payments should be made other than annually in advance. There was also a provision that the policy and the application should constitute the entire contract between the parties, and that no agent was authorized to waive forfeitures, or to make, modify or discharge contracts, or extend the time for paying a premium. The application provided that only the president, a vice president, a second vice president, a secretary or the treasurer of the company could make, modify or discharge contracts, or waive any of the company's rights or requirements, and that none of these acts could be done by the agent taking the application.

In § 180 of the insurance code (ch. 49, Laws of 1911, p. 260; Rem. Code, § 6059-180), it is provided that no life insurance company doing business in this state, or agent, subagent, or broker thereof, shall make

"any contract of insurance or agreement as to such contract, other than is plainly expressed in the policy . . . ;"

According to subdivision (3) of § 184, p. 261 (Rem. Code, § 6059-184) it is provided that a life insurance policy such as the one upon which this action is based must contain a provision that the policy and the application therefor "shall constitute the entire contract between the parties . . . " This law was passed prior to the time that the application for the insurance here involved was taken. It is not claimed that the policy in any respect fails to meet the requirements of the statute. From what has already been said, it appears: First, that the full premium was not paid in advance as required by the terms of the policy; and second, that it was paid to the soliciting agent, who had no

right to receive it because he did not deliver a receipt therefor as specified in the contract. The appellant cites the case of *Hall v. Union Central Life Ins. Co.,* 23 Wash. 610, 63 Pac. 505, 83 Am. St. 844, 51 L. R. A. 288, as controlling. The respondent cites the case of *Nixon v. Travelers' Insurance Co.,* 25 Wash. 254, 65 Pac. 195, as supporting its contention. It is unnecessary to review those cases. They were both decided prior to the passage of the insurance code by the legislature in 1911. Under the facts in this case as to the payment of the second year's premium and the terms of the policy, it is plain that the judgment of the trial court was right. One of the purposes of the statute was to require that the policy and the application should constitute the entire contract. The insured and the beneficiary, as well as the insurer, are charged with knowledge of this requirement. Had it been shown by the evidence that the second year's premium had been actually received by the respondent, even though not paid at the time and in the manner required by the contract, a different question would be presented, upon which we here express no opinion.

Upon the trial, the appellant offered in evidence two provisions of the contract between the company and the soliciting agent, but did not offer the entire contract, and for this reason the offer was rejected. There was no error in this ruling. The powers of the soliciting agent could only be determined by a reading of the entire contract. In addition to this, the provisions offered, if received, would not have changed the result, as the agent's authority was not substantially different from that specified in the policy.

The judgment will be affirmed.

ELLIS, C. J., PARKER, FULLERTON, and WEBSTER, JJ., concur.