## No. 9670.

### RUBEY v. CLAMMER.

Decided Nov. 8, 1920.   Rehearing denied Jan. 10, 1921.

Action on contract for damages and alleged conversion of pledged corporate stock.   Judgment for plaintiff.

*Affirmed.*

1. APPEAL AND ERROR—*Finding of Fact.*  The appellate court will not disturb a finding of fact made upon conflicting evidence.

2. PLEDGE—*Retention of Property.*  Where property is pledged to indemnify one for losses he may sustain, or payments made, on account of failure of pledgor to carry out the terms of a contract, pledgee is not entitled to retain the property where no losses or payments for which he could claim indemnity, are established by the evidence.

3. PLEADING—*Evidence—Burden of Proof.*  In an action on contract, a defense, which only sets up a different version of the contract upon which the action is brought, is to be treated as a general denial, and imposes no burden upon the defendant; but the plea of a version which would not only defeat recovery, but would justify a judgment for defendant, and is in fact presented as the basis of a cross complaint, requires affirmative proof.

*Error to the District Court of Larimer County, Hon. Neil F. Graham, Judge.*

Messrs. STOW, STOVER & MANTZ, Messrs. SYMES & STEPHENS, Mr. IVOR O. WINGREN, for plaintiff in error.

Mr. R. W. FLEMING, for defendant in error.

MR. JUSTICE BURKE delivered the opinion of the court.

IN the court below defendant in error was plaintiff and plaintiff in error was defendant.   They are hereinafter so designated.

The parties hereto were jointly interested in ranch property which they conveyed to the La Prale Livestock Company (hereinafter referred to as "the company") and

took stock therein for their respective interests. Thereafter they entered into a contract for the exchange of certain property. This contract included a number of cattle which, by the terms thereof, passed from defendant to plaintiff. A written instrument was signed by them, one clause of which related to these cattle. Plaintiff contends that when signed it read as follows:

"The said cows are estimated at this time to number ·. . . . . . . . . . . .and are to be conveyed at the price and value of $. . . . . . . . . . . . . . . . . .per head."

Defendant alleges that at the time the signatures were affixed these blanks had been filled in and the clause read thus:

"The said cows are estimated at this time to number 216 head and 93 head of calves, and are to be conveyed at the price and value of $75 per head for the cows and $30 per head for the calves."

By the terms of the contract plaintiff's stock in the company was pledged to defendant "as collateral security for the performance of all obligations of said S. H. Clammer herein mentioned," and the instrument further provided that this pledge should "only be construed to be security held by him (Rubey) to enforce the performance hereof and to indemnify him from any loss that he may sustain, or payments he may be forced to make, or make voluntarily, on account of the failure of said S. H. Clammer to perform his contracts and agreements herein set forth."

Plaintiff brought this action for an alleged difference in agreed values of the property exchanged, plus the value of his pledged stock in the company, which he alleges defendant had converted. His contention being that the contract price of the cattle mentioned was the price they brought on the market, and that this agreement was oral. The jury returned a verdict for plaintiff in the sum of $14,006.75 and made a special finding that defendant was entitled to the immediate transfer and delivery to him of certain water stock as provided in the contract, the failure to transfer which defendant set up as one of the grounds justifying his

retention of the pledged stock. Judgment was entered on this verdict and defendant brings the cause here for review on error.

BURKE, J. after stating the facts as above.

Defendant makes three contentions which it is necessary to notice. 1. That the contract in question was in terms as alleged by him and was in writing. 2. That by the terms of said contract plaintiff was not entitled to a return of his pledged stock until he had complied with all the provisions thereof, which the special finding of the jury shows he had not done. 3. That Instruction No. 7 given by the court constituted prejudicial error, in that the court thereby advised the jury that the burden of proof was upon defendant to establish the contract as set out in his cross complaint.

1. As to the terms of the contract concerning the cattle, and the question as to whether it was oral or in writing, plaintiff's testimony, corroborated by certain facts established, supported his contention. Defendant's testimony, corroborated by certain facts established, and some additional oral evidence, supported his contention. This court will not disturb a finding of fact made upon conflicting evidence. *Hallack, et al. v. Stockdale, et al.,* 14 Colo. 198, 200, 23 Pac. 340.

2. By the terms of the contract as asserted by defendant, plaintiff's stock was pledged to enforce its performance. This clause the contract itself interpreted specifically to mean a pledge "to indemnify him (defendant) for any loss that he may sustain, or payments he may be forced to make, or make voluntarily, on account of the failure of said S. H. Clammer to perform his contracts and agreements herein set forth." No such loss or payments for which defendant could claim indemnity were established by the evidence. The only material particular in which the default of plaintiff is asserted is the matter of the delivery of the water stock. As this was covered by the judgment the objection amounts only to a contention that the action was prematurely brought. But at the time of the execu-

tion of the contract this water stock was in pledge and defendant took it subject thereto. He thereafter received a deed for certain real estate which likewise included this stock. According to his own version of the contract he was not to turn over the cattle until plaintiff "has performed, or stands ready to perform, all his agreements contained in this contract." Defendant had turned over the cattle and this must be construed as an acceptance on his part of the transfer of the water stock by the deed in question.

3. Under plaintiff's version of the contract he was entitled to recover. Under defendant's version he was entitled to a judgment on his cross complaint. Plaintiff's failure to establish the contract as alleged by him constituted no proof that defendant's contention was correct. The plea of a different version of a contract, which if true would merely defeat recovery, is one thing; the plea of a version which would not only defeat recovery, but would justify a judgment for defendant, and is in fact presented as the basis of a cross complaint, is another and entirely different thing. The first is to be treated as a general denial and imposes no burden upon the defendant. *Mott v. Baxter,* 29 Colo. 418, 68 Pac. 220. The second requires affirmative proof. *Wright v. Stewart,* 19 Wash. 179, 52 Pac. 1020.

Finding no prejudicial error in the record the judgment is affirmed.

MR. CHIEF JUSTICE GARRIGUES and MR. JUSTICE TELLER concur.