191 So. 219

## KANSAS CITY LIFE INS. CO. v. ROOT.

### 6 Div. 386.

Supreme Court of Alabama.

June 1, 1939.

Rehearing Denied Oct. 12, 1939.

Lange, Simpson, Brantley & Robinson, of Birmingham, for appellant.

Murphy, Hanna & Woodall, of Birmingham, for appellee.

ANDERSON, Chief Justice.

As per the agreement of counsel which follows:

"This case is to be tried upon the complaint as amended consisting of two counts and upon the pleading in short by consent under which the defendant will only claim that the monthly premium of $2.22 due February 22, 1937, was never paid on the policy sued on and the plaintiff will claim that said premium was paid, the burden of proof will be upon the defendant to show the failure of payment of said premium as will be alleged by the defendant. It is admitted by both parties that all premiums were duly paid upon said policy through the monthly premium due in advance on January 22, 1937. The plaintiff admits that the insured and the beneficiary under the policy neither paid nor caused to be paid premium on said policy after the payment of the premium for the month beginning January 22, 1937, and that no such payment was made, unless the $3.50 paid by Mrs. Root on March 9, 1937 be considered as payment to the defendant on premium account under said policy. The plaintiff also insisting that the defendant received from the insured through the beneficiary 97¢ in November 1936 to be applied by the defendant on premium account under said policy in addition to the quarterly premium then due.

"Marvin Woodall, Atty for Pltf.
"J. A. Simpson, Atty for Deft.
"Filed in Open Court Mar. 24, 1938."

The main question in this case is whether or not the defendant company was bound by a certain payment made by Mrs. Root of $3.50 on March the 9th, 1937, to one Pope, the soliciting, but not general, agent of the company, conceding that said sum was to be applied to the payment of a monthly premium instead of on a debt due the said Pope for previous advances by him to meet premiums. If the company was bound by the payment to Pope of the said $3.50, the policy was in full force when the insured, W. D. Root, died. On the other hand, unless the defendant company was bound by the payment to said Pope, the policy had lapsed or expired before the death of the insured, and the defendant was due the general charge.

The policy contract contained the following provisions, to-wit:

"2. The first premium only may be paid to the agent. All subsequent premiums are due and payable in advance at the Home Office of the Company without notice. However, they may be paid to an authorized agent of the Company on or before the date when due, but only in exchange for a receipt signed by the President, Vice-President, Secretary or Assistant Secretary, and countersigned by such agent."

"All premiums are due and payable at the office of the Company in Kansas City, but, for the convenience of Policy-holders, payments may be made on or before due dates to an authorized Cashier, only in exchange for the Company's official receipt therefor, signed by the Secretary, and Countersigned by such authorized collector."

It is unquestionably the law that the contract restricted the payment of all premiums, except the initial one, to a certain authority and upon the issuance of an

official receipt and excluded the authority of Pope, the soliciting agent, to collect same and, when the insured or beneficiary paid the same to Pope, they made him their agent to see that the payments reached the defendant insurance company. Kansas City Life Insurance Company v. Elmore, Tex.Civ.App., 226 S.W. 709; Lauze v. New York Life Insurance Company, 74 N. H. 334, 68 A. 31; Gibson v. New York Life Insurance Company, 102 Wash. 180, 172 P. 920; Butler v. Standard Life Insurance Company of the South, 232 Ala. 238, 167 So. 307; Southern Life & Health Insurance Company v. Avery, 230 Ala. 685, 163 So. 326. See, also, note to the case of Thompson v. Equitable L. Assur. Soc., 199 N.C. 59, 54 S.E. 21, 85 A.L.R. 739-752.

Indeed, counsel for the appellee does not question the foregoing rule, but contends that the quoted provisions of the policy can be waived, or the conduct of the company may be such as to operate as an estoppel to question the authority of the agent, Pope. Quoting from appellee's brief: "The real issue litigated is whether or not the Defendant Insurance Company waived or is estopped to assert the policy contract provisions relative to the time, place and manner of payment of subsequent premiums on the policy; and in this connection, under Defendant's course of dealings with the insured and beneficiary, and in its holdings out to them with respect to the scope of authority of its agent, S. H. Pope, Sr., whether or not the payment of Three & 50/100 ($3.50) Dollars, on March 9, 1937, by Mrs. Root, the beneficiary, to the soliciting, and writing, and collection agent, S. H. Pope, Sr., of the Defendant Insurance Company, continued the life of the policy up to the time of the death of the insured on the 11th day of April, 1937."

The statement, however, that Pope was the collecting agent is inaccurate and not borne out by the facts, and, if he was, there would be no need to resort to a waiver or estoppel as to his authority.

We find nothing in the record to establish a waiver or estoppel against the defendant from questioning the authority of Pope to collect or receive the premiums, other than the initial one. True, Pope, as agent, as well as creditor of the insured as to some of the premiums paid, remitted some of them to the defendant company which were accepted and receipts issued, but each receipt reiterated the requirement of the policy as to whom payments could

be made and gave warning that defendant was relying upon that clause of the policy and did not intend to waive same. Had Pope remitted the $3.50 or $2.22 of same to the defendant and it accepted same, that would no doubt have operated as a payment of the sum necessary to keep the policy alive, but this was not done as Pope applied it to reimburse himself, in part, for previous sums advanced.

The plaintiff no doubt intended that the sum last paid by her was intended to go as a payment of the premium on the policy and not as credit on what was due Pope, at least, the jury so found, but, when she made said Pope her agent to remit it to the defendant, she assumed the risk of his failure to send it in and, while this may be what is termed "a hard case," we must heed the admonition of the great and lamented Chief Justice Stone, "Let not hard cases make shipwreck of the law."

The trial court erred in refusing the general charge requested by the defendant, and the judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.