# Massachusetts Mut. L. Ins. Co. *v*. Crenshaw.

## *Assumpsit.*

(Decided February 12, 1914. Rehearing denied April 16, 1914. 65 South. 65.)

1. *Insurance; Representation; Knowledge and Intent of Apppplicant.*—Although an actual intent to deceive, within section 4572, Code 1907, may be sufficiently averred by the allegations of facts and circumstances coupled with words of equivalent import to those employed by the statute, the mere allegation that a false statement was knowingly made, etc., did not necessarily import "an actual intent to deceive."

2. *Same; Construction.*—A clause in a life policy that the policy and the application constitute the entire contract between the parties and that no statement made shall be used in defense unless contained in the application, did not exclude the right of the insurer to avail itself of false statements made at the delivery of the policy, and not contained in the application, where the application contained a statement to the effect that the insurance should not be in force until delivery of the policy to the insured during his present condition of health.

3. *Same; Presumption and Burden of Proof.*—Where the defense was fraudulent statement made by the insured in the negotiations for the policy, plaintiff made out a prima facie case by introducing the policy, showing notice of proof of death and that the policy had not been paid, since the burden was upon defendant to establish fraud, as fraud is never presumed.

4. *Same; Evidence.*—Where the action was on an insurance policy evidence that the company had limited the power of its general agent to a delivery of the policy only when the applicant made an unmodified health certificate, such limitation being known to the applicant, was admissible as tending to show that the delivery was induced by the health certificate, and also that false statements therein were made with actual intent to deceive.

5. *Principal and Agent; Powers; Disclosed Limitation of Authority.*—Where an actual limitation upon an agent's authority is made known to the other contracting party, the rule forbidding reliance by the principal upon secret limitations has no effect or field for operation.

6. *Appeal and Error; Harmless Error; Pleading.*—Where defendant had the benefit of substantially the full defense in other pleas to which no demurrers were sustained, any error in sustaining demurrers to similar pleas was harmless.

APPEAL from Etowah Circuit Court.

Heard before Hon. J. E. BLACKWOOD.

Action by Berdie M. Crenshaw against the Massachusetts Mutual Life Insurance Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The complaint was in Code form for action on an insurance policy. The following are the pleas referred to: (E) Prior to the issue of the policies sued upon herein, insured applied in writing to this defendant, and which application was made on December 17, 1911, duly subscribed by the insured for the issue to him of the policies sued on. That the questions propounded to the insured and his answers thereto contained in said written application forms a part of the contract sued upon, and are set forth therein. That in and by said written application insured declared in answer to the following questions: Have you had any of the following complaints, diseases or symptoms (here follows a list of nearly all of the disease). A. None. Q.

What injuries or diseases have you had during the last ten years? A. Acute tonsilitis, 1910. Q. State the character, severity, dates and duration. A. Completely recovered in two weeks. Defendant avers at the time the insured ·made the foregoing answers to the foregoing questions he knew they were false, in this, that, at the time of the making of said answers to said questions, the insured was afflicted with a tumor of the brain, which caused him to suffer from severe headaches and vertigo, and defendant avers it to be a fact that insured was at the time of making said answers afflicted as aforesaid, and suffered as stated, and avers said insured made such false representations with the actual intent to deceive defendant, that said representations did deceive defendant, and it acted upon them, and, induced thereby, issued the policy sued upon herein. Wherefore defendant says plaintiff ought not to recover in this action. (I) Prior to the issue and delivery of the policy here sued on, on, to wit, December 17, 1911, the insured, John W. Crenshaw, applied in writing to this defendant for the issue to him of said policy of insurance. That in said application in the questions and answers therein contained, the insured declared and represented to defendant that he was to the best of his knowledge and belief in sound health, and a fit subject for life insurance, that he had not been sick during the ten years next before that date, except with acute tonsilitis, lasting about ten days, from which he had completely recovered, and further represented, in answer to said question, that he had not suffered from vertigo or severe headaches; and it was further agreed by and between the insured and insurer, and as set forth in said written application, that the policy applied for should not become effective until the payment of the first premium and the delivery of the policy to insured

or his agent and at a time when insured was in as good health as when aforesaid application was made. Defendant avers that insured knew full well, at the time he made the representation, he was not in sound health, and to the best of his knowledge and belief a fit subject for life insurance; that his health was not sound; that he was not in good health, nor a fit subject for life insurance; but knew that for a long time next before said date of said application that he had suffered from vertigo, and severe headaches; that prior to the delivery of the policy he had been seriously ill and required the services of a physician; and defendant says that insured made the aforesaid false representations with the actual intent to defraud this defendant, and induce it to issue and deliver to him the policies of insurance sued on. Wherefore he ought not to recover in this action. (L) This plea sets up the agreement that the policy should not be enforced until delivered to the insured, the payment of the first premium, and the receipt as to the condition of health of the insured, as set out in the opinion, and alleges that plaintiff breached his said contract, in that he was on the day of making said certificate under the care and treatment of a physician, suffered from severe headaches and extreme nervousness, and continued to receive the services of a physician for some time thereafter. That insured declined to deliver said policy, and only delivered and entered into said contract after the making and issuing of the receipt as set out above. (O) Is a short rendering of plea E, above set out.

W. J. BOYKIN, for appellant. Statements as to consultation of or attendance by physicians are warranties material to the risk, and if false, avoid the policy. Mich. 526; 50 App. Div. 474; 97 Mo. App. 71; 54 Hun.

294; 36 Pac. 895. In the instant case the answers of the insured purport to be full, complete and true, and the failure to disclose other physicians who had attended applicant during the period covered by the inquiry rendered the answers false.—60 Fed. 727; 47 Lr. Ann. 1405; *Sup. Lodge v. Taylor,* 24 South. 247; 55 Hun. 103; 70 S. W. 787; 27 L. R. A. 398; 60 Am. St. Rep. 661. The pleas to which demurrers were sustained were, therefore, held to be sufficient.—*Hunt v. Preferred Accident,* 172 Ala. 442; *Mut. L. I. Co. v. Allen,* 166 Ala. 159; *Emp. L. I. Co. v. Gee,* 171 Ala. 439; §§ 4572-3, and 4579, Code 1907. The court erred in sustaining demurrers to plea B.—Authorities supra. A delivery contrary to instructions and procured by fraud of the insured before compliance with the conditions set forth in the policies, renders the contract void.—*Powell v. Prudential Life,* 153 Ala. 611; *Batson v. Fid. Mut.,* 155 Ala. 265. Under these authorities the court erred in excluding the evidence tending to show there had been no valid delivery, or that the condition precedent to valid delivery had not been complied with.

GOODHUE & BRINDLEY, for appellee. The policy under its terms was in force from the date stipulated in the policy.—*Greer v. Life I. Co.,* 132 N. C. 542. Medical consultation for merely slight or temporary indisposition need not be disclosed.—25 Cyc. 817; *Ala. G. L. I. Co. v. Johnson,* 80 Ala. 470; 70 Vt. 477; 37 Am. St. Rep. 365; §§ 4572 and 4579, Code 1907. The true rule of construction will be found in the following cases.— 106 Tenn. 347; 104 Ga. 256; 189 Mass. 555; 100 Wis. 118; 136 U. S. 287; 95 U. S. 673; 25 Cyc. 873.

McCLELLAN, J.—Action, by appellee against appellant, upon two life insurance policies, issued upon the life of John W. Crenshaw, in which the appellee was

the beneficiary. The policies are identical except in respect of the sum assured and the amount of the premium exacted therefor.

The following clause appears in the policies sued on: "This policy and the application herefor constitute the entire contract between the parties. All statements made by the applicant shall, in the absence of fraud, be deemed representations and not warranties, and no such statement shall be used in defense to a claim under this policy unless it is contained in the application and a copy of the application is hereto annexed."

In the said application, signed by the insured, this clause appears: "I agree that the insurance hereby applied for shall not be in force until the acceptance and approval of this application by the company at its home office, the delivery of the policy to me or my agent, and the payment of the first premium as required therein during my present condition of health; and that upon such delivery said policy shall be considered as having become effective upon the date stipulated in the policy as the date on which the insurance begins." In said application, the applicant answered question 19 in the negative. The question (19) will be set out in the report of the appeal. Question 20, with its answers, was this: "What injuries or diseases have you had in the last ten years? 'Acute tonsilitis.' State their character, severity, dates and duration. 'Completely recovered in two weeks.'" Concluding the application, this clause appears: "I hereby declare, on behalf of myself and of any person who shall have any interest in any policy issued upon this application, that, to the best of my knowledge and belief, each of the foregoing answers in parts 1 and 11 of this application is full, complete, and true, and that I am in sound physical condition, and a proper subject for life insurance."

The application was made December 17, 1911. The policies date (to be in force after) December 20, 1911. They were delivered February 3, 1912. On that date, at the time of delivery, Crenshaw signed and delivered to the insurer's agent, who had the policies for delivery, the following certificate: "Massachusetts Mutual Insurance Company, Montgomery, Alabama, Feb. 3, 1912. I hereby certify that there has been no change in my family record since my application for policy No. 293071 was made, that I am now in good health, have had no sickness, and have not required nor received the service of any physician since the date of said application, except.  *  *  *" Upon the delivery of the certificate and the payment of the premiums, the policies were delivered to the insured; and, according to the terms of a provision of the application before quoted, the insurance became effective, and a liability of the insurer, December 20, 1911, unless vitiating fraud prevented that result. Crenshaw died February 15, 1912.

In the oral charge of the trial court the jury was advised that the only issues (aside from the general issue), made by defendant's pleas that were submitted to the jury, were those raised by special pleas designated as "plea E, plea I, plea O, and plea L." There were a large number of other pleas filed, some of which were stricken on motion and some on demurrer. The substance of the four pleas noted will be set out in the report of the appeal. A series of pleas were stricken on motion, because, it appears, of the failure or omission of the defendant to pay into court, for the plaintiff, the premiums paid on the policies, in accordance with the applicable condition precedent established by Code, § 4573. There was no error in this action of the trial court.

Another series of pleas were stricken on demurrer. This series was faulty, in that, they failed to conform

in averments to the requirements of Code, § 4572. That section provides: "No written or oral misrepresentation, or warranty therein mâde, in the negotiation of a contract or policy of life insurance, or in the application therefor or proof of loss thereunder, shall defeat or void the policy, or prevent its attaching, unless such misrepresentation is made with actual intent to deceive, or unless the matter misrepresented increase the risk of loss."

It is to be readily conceded that an "actual intent to deceive" may be sufficiently averred by the allegation of facts and circumstances coupled with words of equivalent import to those the statute (section 4572) employs; but it cannot be affirmed as a legal result that knowledge of the falsity of a statement and the utterance of that statement necessarily imports, also, an "actual intent to deceive." Actual intent to deceive imports a purpose to that end, that knowledge of the falsity of a statement does not necessarily comprehend. To knowingly, falsely misrepresent a fact is evidence of an actual intent to deceive; but the legal ultimate prescribed, in this particular, by the statute (section 4572) may be absent notwithstanding the knowingly false misrepresentation. Some of the other pleas indicate that the draftsman realized the distinction, and employed, as is always best in such matters, the words of the statute in characterizing, as a pleader, the purpose behind or inspiring the misrepresentations averred. The other alternative of the statute, with respect to the increase of risk, should have been pleaded, if desired to be invoked, with the like appropriate reference to the words of the statute. The argument for error in sustaining the demurrers to pleas 1 to 6, inclusive, is: First, that they invoke the defense of fraud outside the terms of the contract (application), and thus, it is urged in substance,

the statute is inapplicable; and, second, that the averments made and as made import meaning equivalent to the exceptions made in the last three lines of the statute. —Section 4572. The first proposition is untenable. The ground for avoiding the liability declared on renders the contract voidable only, not absolutely void. If the asserted infirmity affected the contracts, they were subject to seasonable affirmation or ratification or rescission after full knowledge of the facts. So, the effect of the matter of fraud asserted was to rescind a voidable contract. The other proposition has been adverted to before. We do not think that pleas 1 to 6 carried such averments as necessarily required the inferences or employed terms of equivalent import, as the statute (section 4572) prescribes in that relation.

Aside from these considerations, our conclusion is that no prejudicial error attended the court's rulings on defendant's pleas. The defendant had open to it, under the pleas designated by the court in its oral charge, the full benefit of the defenses, in substance, intended to be asserted in other pleas upon which the court visited its disfavor.

The policy provision first quoted before did not exclude the right of the insurer to avail of such false and fraudulent statements as come within the exceptions provided in section 4572, even though such alleged fraudulent statements only attended the delivery of the policies and were not contained in the application in question. The contracts, evidenced by the application and the policies, manifestly contemplated a delivery sub-. sequent to, even, the acceptance and approval of the application. One of the provisions of the application, quoted above in this opinion, takes unmistakable account of the fact that delivery succeeds the perfection, signature, and acceptance of the application; and, in so

doing, prescribes that the applicant shall have remained in the state of health shown by the application. Obviously, it was not the intent of the provision first quoted before to restrict the basis for fraud to conditions prevailing at the time the application was made; since misrepresentations possible of utterance subsequent thereto only could not, of necessity, have been incorporated in the application. That paper fixed the standard of the condition of health whereby the condition of health at the time of delivery was to be measured. The policy provision under consideration cannot be otherwise construed without rendering vain, in important particulars, the provision contained in the application.

To plea L, designated by the court, the plaintiff replied, specially, in the language of the policy provision, first quoted before, and then averred that the instrument relied on in that plea (among others) was not a part of the application or of the contract as constituted by the said quoted provision. Other replications expressed the like idea in different forms. The court overruled the demurrers to these replications. These demurrers invoked the interpretation of the policy provision quoted which this court has approved, viz., that that provision of the policy did not intend the restriction of the possible basis for vitiating misrepresentations so as to deny—when the exceptions of the statute, section 4572, were invoked—the company the right to avail of such fraud in respect of the delivery of the policy. The court therefore erred in overruling the demurrers to replications asserting the policy provision in avoidance of the facts averred in the plea L, or other pleas sufficiently averring fraud in respect of inducement to delivery.

The court also erred in excluding the health certificate signed by Mr. Crenshaw and delivered by him to

Mr. Meyers, the company's agent at Montgomery, who had the policies for delivery to Mr. Crenshaw. The bill shows that this ruling was upon the broad ground of irrelevancy, incompetency, and immateriality, and not because of the fact that a photographic copy was offered; the original having been sent to the company, the home of which is the state of its name. The health certificate was quoted in plea L, which was correctly adjudged to be a sufficient plea. The defendant was entitled to prove that which, in this particular, it had alleged; and the effort to that end was not the offer of irrelevant, incompetent, or immaterial evidence.

It is recited in the bill that the court instructed as follows: "The plaintiff, to make out her case prima facie and to carry the burden upon her under the plea (evidently meaning the general issue), has done so when she introduced in evidence the policies sued upon, and shows notice of proof of death has been supplied by her to the defendant, and that the policies have not been paid." This statement of the rule of burden of proof, on the issues made, was correct. Appellant would invite the opposite conclusion upon its interpretation of *Powell v. Prudential Co.*, 153 Ala. 611, 45 South. 208. It is urged by counsel for appellant that the there adjudication, that the provision with reference to payment of premium and the continuation of the same state of health as when the application was made, established "two conditions precedent" to the consummation of the contract. It will be observed that the court was not there treating the burden of proof at all. Furthermore, there was not there present, as was the case here, an actual delivery of the policies and premiums paid by the applicant. The reliance to avoid the attaching of liability—the consummation of the contracts—is fraud, and that is never presumed. It must be alleged and proven. The presumption is in favor of innocence—

[Massachusetts Mut. L. Ins. Co. v. Crenshaw.]

against wrong, whatever its grade. The policies were delivered. Fraud at any stage of the negotiations or in or about the act of delivery of the policies, if such there was, was matter of defense, and no initial obligation, in the proof, rested upon the plaintiff to do more than the court defined in the quotation from the oral charge.

The defendant sought to submit to the jury testimony to the effect that the company had so restricted the power of the Montgomery agent as that delivery of the policies could not be effected unless the applicant made an 'unmodified health certificate," and that this limitation was communicated to Mr. Crenshaw before delivery of the policies. In this connection, defendant also offered to introduce the mentioned written limitations upon the general agent's (at Montgomery) authority to deliver these policies. Our opinion is that there was error in these rulings. Where the actual limitation upon a general agent's authority is made known to the other contracting party, it is manifest that the rule which forbids reliance by the principal upon secret limitations upon the agent's authority is without bearing or effect. The testimony offered in this connection should have been admitted. It was relevant and competent as tending to show that the delivery of the policies was induced by the "health certificate" tendered as evidence, as averred in plea L; and also as tending to support the averment that the alleged false statements were characterized by an intent to deceive, as averred in plea L.

For the several errors indicated, the judgment is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and SOMERVILLE, JJ., concur.