(109 So. 755)
## NORTH CAROLINA MUT. LIFE INS. CO. v. KERLEY.   (7 Div. 608.)

(Supreme Court of Alabama.   Oct. 14, 1926.)

I. Insurance ⬲641(2)—Replication that defendant life insurance company retained first premium and delivered policy with knowledge of alleged breach of condition that insured was in good health was good on its face.

In action on life insurance policy, where defendant set up breach of condition that insured was in good health, replication that defendant retained first premium and delivered policy with full knowledge of fact pleaded as defense was on its face good.

2. Insurance ⬲376(I).

In action on life insurance policy, instruction requiring company to be bound by information of local agent, not communicated to its officers, contrary to policy, was reversible error.

Appeal from Circuit Court, De Kalb County;   W. W. Haralson, Judge.

Action by Sol Kerley against the North Carolina Mutual Life Insurance Company. From a judgment for plaintiff, defendant appeals.   Reversed and remanded.

L. B. Rainey, of Gadsden, and C. A. Wolfes, of Ft. Payne, for appellant.

The provision that the policy should be effective, provided same was delivered during good health of assured, was a valid provision in the application and policy. Metropolitan Life Ins. Co. v. Goodman, 10 Ala. App. 446, 65 So. 449; 37 C. J. 400; Powell v. Prudential Ins. Co., 153 Ala. 611, 45 So. 208. Notice to the agent of any other condition than good health of assured would not be binding on the assurer by way of estoppel, in view of the stipulation that the policy was issued on facts set forth in the written application, and that information to the agent otherwise would not be binding. Powell v. Prudential Ins. Co., supra.

Isbell & Scott, of Ft. Payne, for appellee.

The burden was on defendant to show that at the time of delivery of the policy assured was not in good health, and the question was one for jury decision. American National Ins. Co. v. Rosebrough, 207 Ala. 538, 93 So. 502. The testimony as to what was said in the presence of the agent at the time of delivery of the policy was competent on the issue raised by plaintiff's replication.

SAYRE, J.  [1, 2] Action on a policy of life insurance. In several pleas defendant set up a breach of a condition of the policy to this effect, in general, that insured was in good health at the time of its delivery. To this defense plaintiff replied that defendant

retained the first premium paid on the policy and delivered said policy with full knowledge of the fact pleaded by way of defense. This, on its face, was a good replication. But in proof of it plaintiff could only adduce evidence tending to show that defendant's local agent had knowledge of the fact that the insured was not in good health at the time of the delivery of the policy. The policy provided, and the agreement was, that:

"Inasmuch as only the officers at the home office of the company in the city of Durham have [had] authority to determine whether or not a policy shall issue upon this application [which became a part of the policy], and as they act on the written statements, answers and agreements herein made, no statements, promises, or information made or given by or to the person soliciting or taking this application for a policy, or by or to any other person, shall be binding on the company or in any manner affect its rights, unless such statements, promises or information be reduced to writing and presented to the officers of the company at the home office."

Defendant's agent—to state the substance of his testimony on this point—denied that he had information at the time of the delivery of the policy that insured had been sick since her application, or that she was then, at the time of delivery, sick. By its instructions to the jury, duly excepted to, the court would have permitted—required—defendant to be bound by the information of its local agent, not communicated in any manner to its officers in Durham. This, on the authority of Powell v. Prudential Ins. Co., 153 Ala. 611, 45 So. 208, was error, and must result in a reversal of the judgment.

We find no error in the rulings on questions of evidence.

Reversed and remanded.

GARDNER, MILLER, and BOULDIN, JJ., concur.