(137 So. 16)

## LIFE INS. CO. OF VIRGINIA v. NEWELL.

### 6 Div. 949.

Supreme Court of Alabama.

Oct. 8, 1931.

402

Cabaniss & Johnston and L. D. Gardner, Jr., all of Birmingham, for appellant.

Huey, Welch & Stone, of Bessemer, for appellee.

BOULDIN, J.

The action is to recover the death benefit under a policy of life insurance.

The policy is of the class known as "Industrial Insurance."

The insured was Clara Eloise Newell, an infant under 2 years of age. The weekly premium 15 cents, and benefit $150.

The insurance was negotiated and premiums paid by appellee, plaintiff below, the father of insured. The application was signed by the mother of insured.

Appellant, by appropriate assignments of error, challenges the right of the father to maintain the suit; insists that an action can be maintained only by an administrator of the estate of the insured.

The pertinent provisions of the policy on this issue are these:

"The Life Insurance Company of Virginia.

" * * * In consideration of the weekly premium stated in the schedule below, which it is agreed shall be paid in advance to the Company, or to its authorized representative, on or before every Monday during the continuance of this contract,

"Agrees to pay at its Home Office, in the City of Richmond, Virginia, in accordance with the provisions of Article Third on the second page hereof, the amount of benefit provided for in the said schedule, within twenty-four hours after acceptance at its Home Office of satisfactory proofs of the death of the Insured, named below, during the continuance of this Policy. * * *

"3rd. *Facility of Payment:*—The Company may make any payment provided for in this Policy, to husband or wife, or any relative by blood, or lawful beneficiary, or connection by marriage of the Insured, or to any other person who may appear to be equitably entitled to the same by reason of having incurred expense on behalf of the Insured for his or her burial, and the production by the Company of a receipt signed by any or either of said persons, or of other sufficient proof of such payment to any or either of them shall be conclusive evidence that such benefits have been paid to the person or persons entitled thereto, and that all claims under this Policy have been fully satisfied."

The construction of such contracts is new to this court.

"Facility of Payment" clauses in varying forms of policies have been frequently considered by the courts of other states. These decisions are quite fully reviewed in notes found in 28 A. L. R. 1350, supplemented in 49 A. L. R. 939.

The cases most frequently considered involved policies payable to executors and administrators, or to a named beneficiary, with an added "Facility of Payment" clause similar to that here involved. With practical unanimity such policies are construed as conferring no right of action other than upon the personal representative or named beneficiary.

The "Facility of Payment" clause is held to be for the benefit of the insurer in effecting speedy settlement, and, in the absence of some matter of estoppel, to be made available at the option of the insurer. Williard v. Prudential Ins. Co., 276 Pa. 427, 120 A. 461, 28 A. L. R. 1348, and notes supra.

In Lewis v. Metropolitan Life Ins. Co., 178 Mass. 52, 59 N. E. 439, 86 Am. St. Rep. 463, the policy taken out and premiums paid by the insured, contained the usual clause for the naming of the beneficiary, but the name of no beneficiary was inserted. This was followed by the "Facility of Payment" clause. Held, this latter clause conferred no right of action, that suit could be maintained only by the personal representative of the insured, the person to whom the promise was made.

This case was followed in Marzulli v. Metropolitan Life Ins. Co., 79 N. J. Law, 271, 75 A. 473.

In some cases the doctrine is broadly stated that, where no beneficiary is named, the personal representative must sue; that no right of action accrues under the facility of payment clause.

Dealing with the exact contract before us, in our opinion, it does name the beneficiary to whom the benefit shall be paid. The promise is to pay "in accordance with" the facility of payment clause. There is no promise to pay to any one else. The facility of payment clause is thus made the beneficiary clause. The option feature is in the selection of one of the class therein named.

In small industrial policies of this class, taken out by parents upon the life of an infant child, probably having no estate, both delay and consuming expense must attend the appointment of an administrator.

We are impressed the present form of policy is designedly framed for such insurance. The naming of an executor or administrator as payee would surely hinder the sale of such contracts.

Appellant does not insist that because of a right of election among the classes named no right of action accrues to any one.

Payment made within the terms of the policy constitutes a complete acquittance, and bars an action by any other.

Construing the policy as a bona fide contract of insurance, a right of action must needs accrue upon refusal to pay to some one designated therein. Otherwise the option to pay to one of a class would become an option to pay no one.

The father, who procured the insurance, negotiating therefor through the insurer's agent, and, paying the premiums thereon, is a proper party to bring suit. So far as appears, no other claimant has demanded payment.

In Pate v. Insurance Co. of Virginia, 19 Ga. App. 597, 91 S. E. 883, the Georgia Court of Appeals has given a like construction to this identical form of policy. To similar ef-

fect is Western & Southern Life Ins. Co. v. Galvin (Ky.) 68 S. W. 655. See, also, O'Hara v. Metropolitan Life Ins. Co., 73 Pa. Super. Ct. 434; Williard v. Prudential Ins. Co., supra.

The harshness of a rule denying recovery on small industrial policies of the class except through the consuming delaying process of administration as impressively stated in Clarkston v. Metropolitan Life Ins. Co., 190 Mo. App. 624, 176 S. W. 437, may have influenced the writing of contracts like that before us, a definite promise to pay "in accordance with" the "Facility of Payment" clause, giving a right of action in case of nonpayment, but still preserving to the insurer the advantages of making speedy settlement thereunder. At any rate, this appears to be the most reasonable construction, one giving effect to the obligation to pay, as well as to the facility of payment privilege.

The second ground upon which appellant insists it was due the affirmative charge is that the policy never became effective by reason of unsound health of the insured at the date of the policy.

The issues were presented by plea in short by consent.

The policy stipulated: "That no obligation is assumed by the company prior to the date and delivery of the policy, nor unless on said date the insured is alive and in sound health." Another clause declared that in such event the policy should be void. The application contained a like stipulation.

Without dispute the insured, then 16 months of age, became sick the next day after the application, dated June 13th, was made; the sickness was first manifest by a spasm at night; about two days later she was carried to the hospital; and she died June 24th. The effective date of the policy was June 23d, the day preceding her death.

Appellee first insists it is not shown beyond reasonable inference to the contrary that the sickness was such as increased the risk of loss.

█ Stipulations of this character are warranties within the meaning of the Code, § 8364, and to avoid the policy the unsound health must be such as to increase the risk of loss. Independent Life Ins. Co. v. Seale, 219 Ala. 197, 121 So. 714, and cases there cited.

█ True, the evidence here does not disclose that the sickness of the child was of the fatal type in which courts take judicial notice of increase of risk of loss. So. Life & Health Ins. Co. v. Morgan, 216 Ala. 529, 113 So. 540.

But this evidence does disclose that the sickness continued unto death. That it resulted in death is not questioned in the evi-

dence. We think no other reasonable inference can be drawn.

█ The main insistence is waiver of the stipulations touching sound health.

The evidence for plaintiff, though controverted by defendant, tended to show the local agent who solicited the insurance took the application, delivered the policy which had been issued from the home office, collected and receipted for premiums, was informed of the sickness of the insured at and before making delivery of the policy; indeed that four weeks' premiums were paid by the father on June 23d on the assurance of such agent that the insurance would be paid if the child died from such sickness. There was other evidence that this agent was charged with the duty to inspect the insured at the time of delivering the policy, which he failed to do.

The nonwaiver clause of the policy provided: "Agents (which term includes district managers and assistant district managers) are not authorized to make, alter or discharge contracts or waive forfeitures."

The same paragraph declaring the policy void if upon its date and delivery the insured. be not in sound health stipulated: "This policy contains the entire contract between the Company and the Insured."

The stipulation that the insured must be in sound health, not suffering from a fatal sickness which renders him or her uninsurable, may be regarded as of the essence of life insurance.

We need not consider the rules governing waiver and estoppel in general by agents of this class. We deal only with the case in hand. Where knowledge is brought home to the applicant by the contract itself that the agent is not authorized to deliver the policy and put it into effect because of the intervening sickness of the insured (in this case a sickness terminating in death on the following day), the rule in this state is that no attempted waiver on the part of the agent is binding on the principal, the insurer. North Carolina Mutual Life Ins. Co. v. Kerley, 215 Ala. 100, 109 So. 755; Powell v. Prudential Ins. Co., 153 Ala. 611, 45 So. 208; Commonwealth Life Ins. Co. v. Wilkinson, 23 Ala. App. 561, 129 So. 300; Massachusetts Mutual Life Ins. Co. v. Crenshaw, 186 Ala. 460, 65 So. 65; Bankers Credit Life Ins. Co. v. Ayres, post, p. 407, 137 So. 23.

█ The plea was in short by consent "with tender of premiums." No objection to the filing of such plea was interposed, and the case was tried and submitted to the jury on the issues above discussed. It will be presumed, for purposes of this appeal, that the amount of the premiums was paid into court as required by Code, § 8365.

On the undisputed evidence, we conclude no recovery can be had on this policy.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.