[137 So. 23]

## BANKERS' CREDIT LIFE INS. CO. v. AYRES.

### 7 Div. 64.

Supreme Court of Alabama.
Oct. 8, 1931.

Harsh & Harsh, of Birmingham, for appellant.

A. L. Crumpton, of Ashland, for appellee.

BOULDIN, J.

Pending the application for the policy of insurance here sued upon and before payment of premium or delivery of the policy, the insured became sick; had an attack of "flu," developing into pneumonia.

Meantime the application had been approved and policy sent to the Lineville National Bank, "Premium Collecting Agency" for the insurer, or to J. H. Ingram, president of the bank, for delivery upon payment of the premium.

The insured grew critically ill. His wife, the beneficiary, sent friends to Mr. Ingram with the money to pay the premium and receive the policy. The premium was paid, the policy delivered, and the insured died the night following.

While Mr. Ingram's version is that he had received the money and delivered the policy before learning of the sickness of the insured, the version of the messengers sent by Mrs. Ayres is that he accepted payment of the premium and delivered the policy after being informed that the insured was then "seriously sick." For the purposes of this opinion, this version will be taken as true. We further take it that knowledge of the insured being seriously sick is the equivalent of knowledge that he is not in sound health within the meaning of life insurance contracts.

The policy stipulates:

"This policy and application therefor, a copy of which is hereto attached and is made a part of the policy, constitute the entire contract."

408

"No person except the President, a Vice-President, the Secretary or an Assistant Secretary has power to change, modify or waive the provisions of this contract, and then only in writing. The Company shall not be bound by any promises or representation heretofore or hereafter made by or to any agent or person other than as above."

The application, made part of the contract, stipulates:

"I agree that inasmuch as only the President or Secretary of the Company has authority to determine whether or not a policy shall be issued on any application, no statement, promise or information made or given by or to the person soliciting or taking the application for a policy, or any other person, shall be binding on the company, or in any manner affect its rights, unless such statements, promises or information be reduced to writing and presented to the President or Secretary of the Company at the head office, in this application.

"I agree that the insurance issued in pursuance of this application shall in no event take effect or be binding until the written policy is delivered to the assured while in good health, and the full first premium paid."

Mr. Ingram was not an officer of the insurance company.

Passing over any question of fraud or collusion between the beneficiary and agent in seeking to put in force a policy under such circumstances, we must hold that an agent empowered to collect premiums and deliver policies is without power to waive the condition as to sound health, in the face of contractual stipulations to the contrary. North Carolina Mutual Life Ins. Co. v. Kerley, 215 Ala. 100, 109 So. 755; Powell v. Prudential Ins. Co., 153 Ala. 611, 45 So. 208; Massachusetts Mutual Life Ins. Co. v. Crenshaw, 186 Ala. 460, 65 So. 65; Commonwealth Life Ins. Co. v. Wilkinson, 23 Ala. App. 561, 129 So. 300.

In the Kerley Case, supra, the facts were analogous to those here presented. See, also, Southern Surety Co. v. Benton (Tex. Com. App.) 280 S. W. 551; National Life Ins. Co. v. Jackson, 161 Ark. 597, 256 S. W. 378; Reese v. Fidelity Mutual Life Ass'n, 111 Ga. 482, 36 S. E. 637; American N. Ins. Co. v. Floyd, 34 Ga. App. 541, 130 S. E. 531; Ward v. Metropolitan Life Ins. Co., 66 Conn. 227, 33 A. 902, 50 Am. St. Rep. 80; 2 Couch, Cyclopedia of Ins. Law, § 525d, p. 1579.

On the undisputed facts, the defendant was due the affirmative charge as requested.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.