167 So. 307

### BUTLER v. STANDARD LIFE INS. CO. OF THE SOUTH.

#### 7 Div. 375.

Supreme Court of Alabama.

March 19, 1936.

Rehearing Denied April 23, 1936.

Chas. F. Douglass, of Anniston, for appellant.

Knox, Acker, Sterne & Liles and Fred L. Blackmon, all of Anniston, for appellee.

THOMAS, Justice.

The complaint was rested on a policy of life insurance, and was in Code form. Commonwealth Life Insurance Company v. Brandon, post, p. 265, 167 So. 723; Code, § 9531, form 12.

The pleas were the general issue and special plea 3 setting up the breach of policy provisions.

The several replications to plea 3 contained, among other things, the following averments: "That her (plaintiff's) last payment on said policy was for April 29, 1935, operating as payment of premium thereon up until midnight of the succeeding Monday; that an agent of defendant to-wit: Guy Reaves, acting in the actual or apparent scope of his authority as such, called at her then place of residence on Saturday, June 1, 1935; then and there called upon her for payment of premiums on this said policy; was advised by her that she did not then have the money but would have it that day; that on getting it she would, if agreeable with said agent, on that day leave it for him, with Mrs. Baber of the same residence, that said agent concurred in said agreement, saying in substance that the premium money could be left with Mrs. Baber for him and that he would call for it on Monday, June 3, 1935; that at the time of this conversation and agreement with said agent, Mrs. Baber was present, and agreed to receive said money from plaintiff and to deliver same to said agent when he called for it on Monday, June 3, 1935; that at this time she stated to said agent that she was to leave for Pratt City Sunday morning, gave him her Pratt City address, and advised him that she would have her policy account transferred to that place as soon as she got straightened out; that on June 1, 1935, plaintiff left with said Mrs. Baber one dollar for said agent, in accordance with said agreement, in reliance thereon and with belief in the verity of its terms, the same to be prorated in premium payments on said policy and one carried on her own life, the premium on the former being 15 cents per week and the latter 20 cents per week, that this operated as a payment within the grace period as set up in said plea of premiums on said policy sufficient to keep the same in force to a date beyond June 10, 1935, the date of the death of the insured, making defendant liable on said policy. She further avers that when she left this $1.00 with Mrs. Baber, she also left

240

with her the premium receipt book given her by defendant in connection with this policy to be used in entering therein this payment when made."

■ Demurrers to plaintiff's replications of payment, waiver, and estoppel were sustained, and because of this adverse ruling a nonsuit was taken. In consideration of this action of the trial court, the doctrine that a pleading will be construed most strongly against the pleader applies. Woodward Iron Co. v. Cook, 124 Ala. 349, 27 So. 455.

■ It is declared that a principal who selects and duly appoints an agent to act for him must bear the responsibilities and suffer loss for the misconduct or failure of such agent to adequately represent the principal within the terms of that agency. Massachusetts Mut. Life Ins. Co. v. Crenshaw, 186 Ala. 460, 65 So. 65; 2 C.J. p. 879. General authorities collecting the decisions on agency and proof thereof are Roberts & Sons v. Williams et al., 198 Ala. 290, 73 So. 502; Langham et al. v. Jackson, Superintendent of Banks, 211 Ala. 416, 100 So. 757; Fulton v. Sword Medicine Co., 145 Ala. 331, 40 So. 393; Capital Security Co. v. Owen, 196 Ala. 385, 72 So. 8.

The quoted provisions of the replications show that Mrs. Butler made the suggestion concerning payment of the premium on Monday; pointed out Mrs. Baber as the person with whom she would leave the payment of the premium; that she would rely on her thus designated agent to make payment for her on Monday, if the agent of the company called for collection; suggested that the agent of the company call at Mrs. Baber's residence and receive payment of the premium on Monday. It is not shown, however, by the replications, (1) that Guy Reaves, the collecting agent of the defendant, failed to call at Mrs. Baber's residence on Monday, June 3, 1933, for that premium; or (2) that such agent received the premium on June 3d, or thereafter.

Under the terms of the policy it was the insured's obligation and the obligation of the insured's beneficiary to see and make the premium payments weekly and in advance. As to this the terms of the policy are: "In consideration of the payment in advance of the weekly premium specified in the schedule below, on or before each Monday during the continuance of this policy, or until the anniversary date of this policy immediately preceding the seventy-fifth anniversary of the birth of the insured, Standard Life Insurance Company of the South hereby agrees, subject to the provisions and conditions stated below and on the following pages hereof, each and all of which are hereby made a part of this contract and are accepted by the insured and every person entitled to claim hereunder, to be a part hereof, to pay, upon receipt of proofs of death of the insured, made in the manner, to the extent and upon the blanks required herein, and upon surrender of this policy and all receipt books, the amount stipulated in the schedule below, to the beneficiary named herein."

The grace period stipulated for therein is as follows: "Grace Period:—A grace of four weeks shall be granted for the payment of every premium after the first, during which time the insurance shall continue in force. If death occur within the days of grace, the overdue premiums shall be deducted from the amount payable hereunder, but neither this concession, nor the acceptance of any overdue premium shall create an obligation on the part of the Company to receive premiums which are in arrears over four weeks."

The clause for "Payment of Premiums" provides: "Payment of Premiums:—Premiums are due and payable at the Home Office of the Company, but will be accepted elsewhere by a duly authorized agent of the Company, and payments, to be binding, must be properly credited by such agent in the premium receipt book pertaining to this policy. If any premium under this policy shall not be paid when due, the policy shall lapse and the Company's liability hereunder shall cease, except as herein above provided under the 'Grace Period' and the 'Paid Up Policy' provisions, and such lapse shall not be considered to have been waived by the Company in any respect by reason of the acceptance of any deposit of further premium made for the purpose of reviving this policy. If, for any reason, the agent shall not call for the premium when due, it shall be the duty of the insured to bring or send said premium to the Home Office, or to the Company's agent, and failure of the agent to call for premiums will not be deemed an excuse for nonpayment."

And in plea 3 "the defendant avers that the last weekly premium paid by the insured or by the beneficiary, in this policy was paid on May 6, 1935, in the amount of, to-wit, thirty cents, which payment was for the weeks beginning April 22nd and April 29th, 1935; that on May 6,

1935, the date when said thirty cents was paid, another premium was due on said date for the week beginning May 6, 1935; that said premium was never paid and that the policy sued on lapsed four weeks from said date, being the end of the grace period, for nonpayment of the premium due May 6th, 1935. The defendant avers that at the time of the death of insured, to-wit, June 10th, 1935, said policy was not in force and effect, but had lapsed on account of said nonpayment. Hence, the plaintiff is not entitled to recover."

Construing the replications most strongly against the plaintiff—the pleader—it appears that defendant's collection agent, Guy Reaves, called at the residence of Mrs. Baber on Monday, June 3, 1935, as agreed between assured and defendant's agent, but did not receive the premium due on the policy, nor did the defendant thereafter receive the same. It is admitted that, by its terms, the policy lapsed on June 3, 1935, unless, as plaintiff contends by her replications, Mrs. Baber received the money from assured and said payment to her amounted to and constituted payment to the defendant insurance company.

■ The question for decision is whether an insurance agent, with merely the authority to solicit insurance, receive and receipt for premiums under the contract of insurance, can, by his acts, estop the insurer from relying on the terms of the written contract for forfeiture or waive the written terms thereof, predicated upon the acts of that agent, acting outside the scope of his authority or within the apparent scope of his authority where the party seeking to plead the waiver is charged with notice of the agent's actual authority.

The sustaining of demurrers to the several replications properly answered the question against the contention of appellant. Home Ins. Co. of New York v. Scharnagel, 227 Ala. 60, 148 So. 596; Indemnity Co. of America v. Bollas, 223 Ala. 239, 135 So. 174; London & Lancashire Ins. Co., Limited, v. McWilliams, 215 Ala. 481, 110 So. 909.

The case of Phœnix Insurance Co. v. Copeland, 90 Ala. 386, 8 So. 48, states the rule that has long obtained thus: "Waiver of forfeiture; admissions of agent, as estoppel against principal.—If plaintiff, suing as the assignee of a policy of insurance, was induced to purchase it after a loss had occurred, by the representations of an agent of the insurance company, through whom the policy was issued, and to whom he applied for information before buying, to the effect that the policy was all right, and that the loss would be paid; the insurance company can not defeat the action by setting up a forfeiture, provided the agent had authority to make such admissions or statements; but authority to solicit and receive proposals for insurance, to fix the rates of premium, receive the money, countersign, issue and renew the policies, and consent to their transfer when signed by the proper officers, does not confer power to waive a forfeiture, or to bind his principal by such admissions."

In the recent decision of Protective Life Ins. Co. v. Green, 226 Ala. 512, 514, 147 So. 442, 443, after stating the provisions of the policy as to "a grace of one month * * * allowed in payment of every premium after the first, during which period the policy will remain in force," Mr. Justice Foster, speaking for the court, said:

"In respect to such terms and their effect upon the power of authorized agents, this court has established the principle: 'Whatever may be the scope,—to whatever of contracts or conditions expressed in the policy it may extend,—it is not in prohibition or limitation of the power of the company to contract or to abrogate, or to modify contracts or conditions intended exclusively for its benefit. It is no more nor less than a condition reserved for the benefit of the company, of which at its volition it could take advantage or waive and delegate to agents the implied power vested in the president in conjunction with the secretary or actuary. * * *

"But to have such authority he must be a general agent. Reliance Life Ins. Co. v. Sneed, 217 Ala. 669 (14), 117 So. 307."

See, also, National Life Ins. Co. of United States of America v. Reedy, 217 Ala. 114, 115 So. 8; Insurance Co. of North America v. Williams, 200 Ala. 681, 77 So. 159; United States Life Insurance Co. v. Lesser, 126 Ala. 568, 28 So. 646, 650; Bankers' Credit Life Ins. Co. v. Ayres, 223 Ala. 407, 137 So. 23; North Carolina Mut. Life Ins. Co. v. Kerley, 215 Ala. 100, 109 So. 755; Queen Insurance Co. v. Young, 86 Ala. 424, 5 So. 116, 11 Am.St.Rep. 51.

242

It cannot be said under the facts averred that a mere soliciting agent, with power only to solicit insurance, deliver policies, and collect premiums may subject the defendant to liability by his appointment of a third party as subagent, without the authority from, or knowledge, acquiescence, or waiver of, the principal. 2 C.J. pp. 685, 687; Upton v. Travelers' Insurance Company, 179 Cal. 727, 178 P. 851, 2 A.L. R. 1597.

Indulging the inference against the pleader, the trial court was within the rule of our decisions in sustaining demurrers to the several replications averring that Guy Reaves, acting in the apparent scope of his authority as such agent, etc., waived the policy provision for forfeiture for nonpayment of premiums, as required by the contract for its continuance in force, and which could only be waived by the defendant through its agent with such authority. Newriter v. Life & Casualty Ins. Co. of Tennessee, 229 Ala. 359, 157 So. 73; National Life & Accident Ins. Co. v. Baker, 228 Ala. 355, 153 So. 279.

The judgment of the trial court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.