34 So.2d 502
**SOUTHERN LIFE & HEALTH INS. CO.
v. DAVIS.**
8 Div. 651.

Court of Appeals of Alabama.
March 23, 1948.

Taylor, Bell & Taylor, of Huntsville, for appellant.

Griffin, Ford, Caldwell & Ford, of Huntsville, for appellee.

**HARWOOD, Judge.**

This appeal is from a jury verdict and judgment pursuant thereto in favor of the plaintiff below in the amount of $250, the suit being on a life insurance policy issued by the defendant below on the life of Mrs. Mary E. Davis, naming the plaintiff below, appellee here, as beneficiary.

The complaint contained one count, in code form. The pleading was in short by consent.

The evidence is undisputed that the appellee was the owner and beneficiary of and under said policy; that the premiums due had been paid; that the insured was dead, and the appellant had received notice thereof, and had refused to pay the amount alleged to be due under said policy.

Evidence introduced by the plaintiff in the trial below tended to show that the policy herein involved was issued on the life of Mary E. Davis on 20 May 1946.

At that time the insured was visiting in the home of the plaintiff, her step-son, having come there on 2 May 1946 following the death of her husband. Mrs. Davis, while a visitor in appellee's home, "went back up in the valley a couple of trips, visiting her younger daughters." While in plaintiff's home Mrs. Davis was up and about, went where she pleased, received no medical attention that plaintiff knew about, and appeared in good health.

On 27 July 1946 Mrs. Davis left plaintiff's home, and with relatives, one of whom was Gentle Davis, and travelled by automobile to Hammond, Indiana, where she died on 15 August 1946.

Gentle Davis testified that while Mrs. Davis was at plaintiff's home he saw her every day, that she appeared to be well, and that she showed no ill effects on the two day trip to Hammond.

The policy sued on was introduced in evidence by the plaintiff.

For the defense Dr. J. H. Marable, of Cowan, Tennessee, and Dr. Henry T. Kirby-Smith, of Sewanee, Tennessee, testified by deposition.

Dr. Marable's testimony was as follows:

"My name is Dr. J. H. Marable. I am 72 years of age and reside at Cowan, Tennessee. I am a practicing physician in the State of Tennessee. I graduated from Vanderbilt Medical College, Nashville, Tennessee, on March 30, 1898, and have been practicing medicine continuously thereafter.

"I knew Mary Elizabeth Davis, wife of Green Davis, during the year 1946. I called on Mary Elizabeth Davis on June 9, 1946 and made an examination of her and she had pulmonary tuberculosis.

"Mary Elizabeth Davis had pulmonary tuberculosis and in my judgment and opinion she had this disease two years or more prior to June 9, 1946, from an examination by physical findings and history given me. At this time she was in a very run down condition, coughed quite a lot and could barely talk. I do not know her exact age.

"I have known Mary Elizabeth Davis for about two or three years. To the best of my belief and information I saw her two or three times in a professional capacity as a medical doctor previous to June 9, 1946."

After stating his medical qualifications Dr. Kirby-Smith's testimony continued as follows:

"I knew Mary Elisabeth Davis, wife of Green Davis, during her life time, and I treated her prior to the 15th day of August, 1946. I saw her first on December 28, 1945, and again on January 2, 1946. At this time, I found Mary Elizabeth Davis to be suffering with pulmonary tuberculosis. She had been complaining of being ill for several months. In my opinion, she had been suffering from this disease for several months.

"On January 2, 1946, I had an x-ray taken of Mrs. Davis' chest, which showed cavities in the lung and other evidences of tuberculosis. The above statements have been taken from my office records. It is impossible to obtain a duplicate of the x-

ray negative to be attached to this deposition.

"The defendant also offered a copy of Dr. Kirby-Smith's office record of the case, dated December 28, 1945, and January 2, 1946, as follows:

" 'Hoarse for several months. Throat negative.

" 'Dull in right apex and many rales.

" 'Imp. Tuberculous laryngitis.

" 'Advise: X-ray and examination of Larynx.

" 'Given sulfathiazol 15 Gr. four times a day.

" '1–2–46: Ulcer of left vocal chord. X-ray shows cavity in chest.

" 'Sputum examination—no TBC seen

" 'Advise metabron.' "

The policy sued on contains the following provision:

"4. No obligation is assumed by the Company prior to the date hereof, nor unless on delivery hereof, the insured is alive and in sound health and free from accidental injury."

 The above provision is a binding part of this insurance contract, and is a warranty within the meaning of Section 6, Title 28, Code of Alabama 1940. Brown-Service Ins. Co. v. Wright, 32 Ala.App. 578, 28 So.2d 318; Life Ins. Co. of Virginia v. Newell, 223 Ala. 401, 137 So. 16; Independent Life Ins. Co. v. Seale, 219 Ala. 197, 121 So. 714; Liberty Nat. Life Ins. Co. v. Trammell, ante, p. 275, 33 So.2d 479, certiorari denied, 250 Ala. p. ——, 33 So.2d 483.

Tuberculosis is a malady of which the courts will take judicial notice as being material to the risk of insurance and affecting sound health. Life Insurance Co. of Virginia v. Mann, 28 Ala.App. 425, 186 So. 583, certiorari denied 237 Ala. 253, 186 So. 586; Brown-Service Ins. Co. v. Wright, supra.

To recapitulate the evidence, it appears from the positive testimony of Dr. Kirby-Smith that on 28 December, 1945, and on 2 January, 1946, the insured was suffering from pulmonary tuberculosis, cavities in the lungs and other evidences of tuberculosis being disclosed by X-ray pictures that Dr. Kirby-Smith had made on 2 January, 1946.

The policy here involved was issued on 20 May 1946.

On 9 June 1946, some twenty days after the issuance of the policy, Dr. Marable found the insured to be suffering from pulmonary tuberculosis and "in a very run down condition, coughed quite a lot and could barely talk." From his physical examination and history given Dr. Marable was of the opinion that insured had had tuberculosis for two years or more, prior to the date of his examination.

Unless all reasonable inferences to be drawn from the above positive medical testimony, so significant in its dates as far as the history of insured's condition is concerned, be disregarded, it is our opinion that we must conclude that the verdict rendered in this case was against the great preponderance of the evidence, and that consequently, after allowing the required presumption in favor of the court's ruling in the premises, we must conclude that the lower court's ruling denying appellant's motion for a new trial was so infected with error as to cause a reversal of this cause.

Reversed and remanded.